IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01022-BNB

FAUSTIN CISNEROS,

     Applicant,

v.

MS. PAMELA PLOUGHE, Acting Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

     Respondents.

---

## ORDER OF DISMISSAL

---

Applicant, Faustin Cisneros, is a prisoner in the custody of the Colorado Department of Corrections at the Colorado Territorial Correctional Facility in Cañon City, Colorado.  Mr. Cisneros has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) challenging the validity of his conviction and the sentence he received in Denver District Court case number 04CR1608.[1]

On April 27, 2012, Magistrate Judge Boyd N. Boland ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action.  On June 8, 2012, Respondents filed their Pre-Answer Response (ECF No. 13).  Mr. Cisneros has not filed a reply to the Pre-Answer Response despite being given an opportunity to do so.

---

[1] Applicant's last name was spelled "Sisneros" in the state court criminal proceedings.

The Court must construe the application liberally because Mr. Cisneros is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the Court will dismiss the action as untimely.

Mr. Cisneros agreed to plead guilty to sexual assault on a child in exchange for the dismissal of ten other counts and a stipulated sentence of four years to life in prison. The trial court imposed the stipulated sentence on June 9, 2005.  (*See* ECF No. 13-1 at 7.)  Mr. Cisneros did not file a direct appeal.

On January 4, 2007, Mr. Cisneros filed in the trial court his first postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure.  (*See id.*) On January 10, 2007, the trial court denied the first Rule 35(c) motion.  (*See id.* at 6-7.) The trial court's order denying the first Rule 35(c) motion was affirmed on appeal.  *See People v. Sisneros*, No. 07CA0604 (Colo. App. Feb. 7, 2008) (unpublished) (ECF No. 13-4).  Mr. Cisneros did not file a petition for writ of certiorari after the denial of his first Rule 35(c) motion was affirmed.

On December 15, 2008, Mr. Cisneros filed in the trial court a second postconviction Rule 35(c) motion.  (*See* ECF No. 13-1 at 6.)  On January 5, 2009, the trial court denied the second Rule 35(c) motion.  (*See id.*)  On appeal, the Colorado Court of Appeals affirmed the order denying the second Rule 35(c) motion as successive and time-barred.  *See People v. Sisneros*, No. 09CA0289 (Colo. App. Sept. 23, 2010) (unpublished) (ECF No. 13-6).  The Colorado Supreme Court denied Mr. Cisneros' petition for writ of certiorari.  *See Cisneros v. People*, No. 11SC86, 2011 WL

2

3567815 (Colo. Aug. 15, 2011).

Mr. Cisneros commenced this action on April 16, 2012.  He asserts three claims for relief, including an ineffective assistance of counsel claim with multiple subparts.  Mr. Cisneros first claims that plea counsel was ineffective because counsel:  (a) failed to establish that there was no DNA evidence and that Mr. Cisneros did not commit a sex-crime; (b) failed to challenge errors in the presentence investigation report; (c) failed to prepare for trial; (d) coerced Mr. Cisneros to accept a plea bargain against his will; (e) failed to investigate the case and interview exculpatory witnesses; (f) failed to explain the consequences of pleading guilty to a sex offense; and (g) labored under an actual conflict of interest.  Mr. Cisneros alleges in his second claim that he was not competent to stand trial or enter a guilty plea and that plea counsel failed to raise the competency issue.  Mr. Cisneros finally claims that his sentence violates *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004).

Respondents first assert that the instant action is barred by the one-year limitation period in 28 U.S.C. § 2244(d).  That statute provides as follows:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> > (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents assert that Mr. Cisneros' conviction became final, and the one-year limitation period began to run on July 25, 2005, when the time expired to file a direct appeal following his sentencing on June 9, 2005.  Respondents further assert that the one-year limitation period ran uninterrupted until it expired on July 25, 2006.  The Court agrees.

Pursuant to Rule 4(b) of the Colorado Appellate Rules, Mr. Cisneros had forty-five days to file a notice of appeal after he was sentenced on June 9, 2005.  Because Mr. Cisneros did not file a notice of appeal, his conviction was final on July 25, 2005.[2] The Court also finds that the one-year limitation period began to run on July 25, 2005, because Mr. Cisneros does not allege that he was prevented by unconstitutional state action from filing this action sooner, he is not asserting any constitutional rights newly

---

[2]The forty-fifth day after June 9, 2005, was Sunday, July 24, 2005.  Therefore, the filing deadline extended until Monday, July 25, 2005.  *See* C.A.R. 26(a).

recognized by the Supreme Court and made retroactively applicable to cases on collateral review, and he knew or could have discovered the factual predicate for his claims before his conviction became final. *See* 28 U.S.C. § 2244(d)(1)(B) - (D). As a result, the time to file a federal habeas corpus action expired one year later on July 25, 2006, unless the one-year limitation period was tolled for some period of time.

Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court postconviction motion tolls the one-year limitation period while the motion is pending. An application for postconviction review is properly filed within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). These requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

The issue of whether a state court postconviction motion is pending for the purposes of § 2244(d)(2) is a matter of federal law, but "does require some inquiry into relevant state procedural laws." *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999). Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled

during the period in which the petitioner *could have* sought an appeal under state law."

*Gibson*, 232 F.3d at 804.

Mr. Cisneros did not file his first postconviction Rule 35(c) motion until January 4, 2007, which was after the one-year limitation period already had expired on July 25, 2006.  As a result, neither the January 2007 postconviction Rule 35(c) motion, nor the postconviction motion Mr. Cisneros filed in December 2008, tolled the one-year limitation period.  *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (stating that properly filed state court postconviction motions toll the one-year limitation period only if they are filed within the one-year limitation period).  Therefore, the instant action is barred by the one-year limitation period in the absence of some other reason to toll the one-year limitation period.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons.  *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010).  Generally, equitable tolling is appropriate if the petitioner shows both "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" and prevented him from filing in a timely manner.  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).  A showing of excusable neglect is not sufficient to justify equitable tolling.  *See Gibson*, 232 F.3d at 808. Furthermore, in order to demonstrate he pursued his claims diligently, the petitioner must "allege with specificity 'the steps he took to diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978).

Equitable tolling also may be appropriate if the petitioner actually is innocent. *See Gibson*, 232 F.3d at 808.  An actual innocence argument "is premised on the same

fundamental miscarriage of justice exception that was discussed by the Supreme Court" in *Schlup v. Delo*, 513 U.S. 298 (1995), and *Coleman v. Thompson*, 501 U.S. 722 (1991).  Therefore, in the rare and extraordinary case in which a habeas petitioner can demonstrate equitable tolling is appropriate on actual innocence grounds, the petitioner is not required to demonstrate he diligently pursued the actual innocence claim.  *See Lopez v. Trani*, 628 F.3d 1228, 1230-31 (10th Cir. 2010).  However, to be credible, a claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial."  *Schlup*, 513 U.S. at 324.  The petitioner then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."  *Id.* at 327.  The Court emphasizes that a "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare."  *Id.* at 324.

Mr. Cisneros fails to demonstrate or even argue that the one-year limitation period should be tolled for equitable reasons and the Court finds no basis for equitable tolling in this action.  As a result, the Court finds that this action is barred by the one-year limitation period and the action will be dismissed for that reason.  Because the Court has determined that the entire action is time-barred, the Court need not address Respondents' alternative arguments regarding exhaustion of state court remedies.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369

7

U.S. 438 (1962).  If Applicant files a notice of appeal he also must pay the full $455

appellate filing fee or file a motion to proceed *in forma pauperis* in the United States

Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App.

P. 24.  Accordingly, it is

ORDERED that the habeas corpus application (ECF No. 1) is denied and the

action is dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d).

It is

FURTHER ORDERED that no certificate of appealability will issue because

Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is

denied without prejudice to the filing of a motion seeking leave to proceed *in forma*

*pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this   12th   day of   July   , 2012.

BY THE COURT:


    s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

8